FITCH et al. v. SPANG, CHALFANT & CO.

(Circuit Court, W. D. Pennsylvania. August 29, 1905.)

No. 188.

PATENTS—INFRINGEMENT—MACHINE FOR FORGING SOCKETS.

 The Fitch & Shafer reissued patent, No. 6,404 (Original No. 134,045), for a machine for forging metallic sockets, usually employed for joining the ends of water or gas pipes by welding and finishing the same on a mandrel by means of dies, construed, and *held* not infringed.

In Equity. Suit for infringement of reissued letters patent No. 6,-404 (original No. 134,045), for a machine for forging sockets, issued to George Fitch and Peter Shafer April 27, 1875. On final hearing.

H. I. Riley, for complainants.
Bakewell & Byrnes, for respondent.

ACHESON, Circuit Judge. The invention by Fitch & Shafer, which is the subject of the reissued patent sued on, consists in an improved machine for the manufacture of metallic sockets (usually employed for joining together the adjacent ends of gas, water, and other pipes and tubes) by welding and finishing the same upon a rotating

mandrel by means of a pair of properly shaped dies operating in connection therewith.. In the previous manufacture of metallic sockets a mandrel and dies had been employed, but they were manipulated by the smith, who turned the mandrel between the blows of the hammer upon the upper die. In the complainants' machine, motion is imparted to the mandrel and to the dies by suitable mechanism, and thereby the mandrel is caused to revolve or rotate intermittently, and the dies are caused to move toward and from the mandrel. The operation is this: The socket blank, previously bent to a circular shape on a separate machine and heated to a welding heat, is slipped on the mandrel, and the dies are then caused to give a rapid succession of blows to the heated blank. The mandrel is stationary at each stroke of the dies on the heated blank, but is rotated after each stroke, when the dies are retracted.

All the claims of the original patent were for specific mechanical combinations. More than two years after the issue of the original patent an application for a reissue was made, and subsequently the reissue in suit was granted. The claims of the reissue alleged by the complainants to have been infringed by the defendant are as follows:

"(1) The method of welding metallic socket blanks and converting said blanks into sockets, finished internally and externally, on a rotating mandrel and by suitable dies, at one operation and one heat, substantially as set forth.

"(2) The combination of an intermittently rotating mandrel for supporting internally the walls of the socket, and reciprocating dies, bounded above and below by transverse walls, to prevent longitudinal extension of the socket, substantially as set forth."

The alleged infringement by the defendants is in the manufacture of metallic sockets under and in accordance with a United States patent granted to Mildred Blakey upon an application therefor, made between the date of the grant of the original patent to Fitch & Shafer and their application for the reissue. The defendants began the use of the Blakey improvement at least one year before Fitch & Shafer applied for the reissue of their patent.

The Blakey invention consists of an improved machine for manufacturing tubular metallic articles, such as sockets, by means of a rotating mandrel acting in commbination with a series of surrounding rolls. The operation of this machine in the manufacture of sockets is this: A bar of metal is cut into suitable lengths for forming the socket of the desired size, and these blanks, after being heated to a welding heat, are passed, one by one, into an opening between the front pair of rolls. The blank thus fed is seized by the first roll and the rotating mandrel, and, by the conjoint action of the mandrel and surrounding rolls is coiled around the mandrel, and by the continued rotation of the mandrel and the revolving of the surrounding rolls the ends of the blank are welded together and the socket is finished.

The primary question here is that of infringement. Conceding that these two machines accomplish the same purpose, did Blakey invade the monopoly secured to Fitch & Shafer by the grant of their patent? That mere identity in results is not the test of infringement is a proposition too plain for argument. Upon this point the rule of law was never better stated than in the case of O'Reilly v. Morse, 15 How.

62, 119, 14 L. Ed. 601, where Chief Justice Taney, speaking for the Supreme Court, said:

"Whoever discovers that a certain useful result will be produced in any art, machine, manufacture, or composition of matter by the use of certain means is entitled to a patent for it, provided he specifies the means he uses in a manner so full and exact that any one skilled in the science to which it appertains can, by using the means he specifies, without any addition to or subtraction from them, produce precisely the result he describes. And, if this cannot be done by the means he describes, the patent is void; and, if it can be done, then the patent confers on him the exclusive right to use the means he specifies to produce the result or effect he describes, and nothing more. And it makes no difference, in this respect, whether the effect is produced by chemical agency or combination, or by the application of discoveries or principles in natural philosophy, known or unknown before his invention, or by machinery acting altogether upon mechanical principles. In either case he must describe the manner and·process as above mentioned, and the end it accomplishes; and any one may lawfully accomplish the same end without infringing the patent, if he uses means substantially different from those described."

In the present case the instrumentalities employed by the inventors on the one side and the other are distinct, not only in form, but in function also. Obviously the complainants' machine and the defendants' machine are essentially different, both in construction and mode of operation. The former machine operates upon previously shaped tubular blanks, and welds them by the impact of reciprocating dies. The latter machine has no dies, and does not operate by welding impact, nor upon previously shaped tubular blanks. By means of a series of revolving rolls disposed around a continuously rotating mandrel, and acting in connection therewith, the Blakey machine converts a flat strip of metal into a welded and finished socket. The reciprocating dies and the revolving rolls are not equivalents in a patentable sense. The proofs are convincing that the two machines are not only substantially unlike in structure, but, also, differ in principle. Clearly the defense of noninfringement must be sustained.

The above-stated conclusion makes it unnecessary to consider the other defense, based upon Miller v. Brass Company, 104 U. S. 350, 26 L. Ed. 783, Eachus v. Broomall, 115 U. S. 429, 6 Sup. Ct. 229, 29 L. Ed. 419, and other like cases, that the reissue is invalid because it is of broader scope than the original, and was not seasonably applied for.

Let a decree be drawn dismissing the bill, with costs.